IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

SUSAN HEIDELBERGER                                                                  PLAINTIFF

VS.                            CASE NO. CV-2007-347

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC. and
UNIVERSAL FIDELITY CORPORATION                                              DEFENDANT

## COMPLAINT

COMES NOW the Plaintiff, Susan Heidelberger, by and through her attorney, Donald E. Knapp, Jr., and for her Complaint against Defendants, American Express Travel Related Services Company, Inc., hereinafter referred to as "AMEX" and Universal Fidelity Corporation, hereinafter referred to as "Universal", states:

I. JURISDICTION AND VENUE

1. Plaintiff is now and has at all times relevant hereto been a resident and citizen of Phillips County, Arkansas.

2. Defendant AMEX is a foreign corporation licensed to conduct business in the State of Arkansas and conducting business in the State of Arkansas.

3. Defendant Universal is a foreign corporation licensed to conduct business in the State of Arkansas and conducting business in the State of Arkansas.

4. All of the events complained of herein occurred in Phillips County, Arkansas.

5. Jurisdiction and venue are proper in this Court.

II. FACTS

6. Paragraphs one (1) through five (5) are incorporated herein by reference as if set forth word for word.

7. In Phillips County Circuit Case No. CV-2002-415, Defendant Amex filed suit against Plaintiff alleging Plaintiff was indebted to Defendant AMEX in the amount of $75,373.75 on a credit card account bearing account number 372761845801007.

8. Plaintiff disputed said debt and said case was tried to a jury on September 29, 2005.

9. At said trial, a twelve person jury returned a verdict in favor of Defendant AMEX in the amount of $50,000.00.

10. Plaintiff filed her Motion for Judgment Notwithstanding the Verdict following the jury verdict.

11. Said Motion for Judgment Notwithstanding the Verdict was granted by Honorable Circuit Judge Kathleen Bell on January 27, 2006.

12. Defendant AMEX did not take an appeal from the Judgment Notwithstanding the Verdict.

13. The Judgment Notwithstanding the Verdict rendered Plaintiff not liable on the alleged debt involving account number 372761845801007.

14. On or about September 17, 2007 Defendant AMEX referred account number 372761845801007 to Defendant Universal for collection attempts against Plaintiff.

15. On or about September 20, 2007, Defendant Universal contacted Plaintiff attempting to collect an outstanding debt in the amount of $75,373.75 on American Express account number 372761845801007.

16. Defendant AMEX continues to report an outstanding bad debt in the amount of $75,373.75 adversely on Plaintiff's credit report.

17. As a result of Defendant AMEX's continued attempts to collect the aforementioned debt from Plaintiff, though she is not liable for the debt, Plaintiff has suffered economic damages

in the amount of $50,000.00.

18. The acts of Defendant Universal are imputed to Defendant AMEX under theories of Respondeat Superior and/or agency.

III.    COUNT I - NEGLIGENCE

19. Paragraphs one (1) through eighteen (18) are incorporated herein by reference as if set forth word for word.

20. Defendants are guilty of negligence as follows:

(A) Defendants had a duty to validate any debt owed to them before attempting to collect said debt from Plaintiff.

(B) Defendants breached the aforementioned duty by harassing Plaintiff to pay a debt that Defendants knew or reasonably should have known was not a valid debt.

(C) As the legal and proximate cause of Defendants' negligence, Plaintiff has suffered economic harm in the amount of $25,000.00 consisting of adverse reporting on her credit report, being forced to pay higher interest for credit and being denied the use of credit at a reasonable interest rate.

IV.    COUNT II - TORT OF OUTRAGE

21. Paragraphs one (1) through twenty (20) are incorporated herein by reference as if set forth word for word.

22. Defendant sued Plaintiff in the above referenced case alleging that she owed Defendant AMEX the sum of $75,373.75.

23. A trial was had on the matter and Plaintiff was found not liable for said debt.

24. In retaliation against Plaintiff for exercising her Constitutional right to trial by jury, Defendants continue to attempt to extort money from Plaintiff for a debt that she does not owe.

25. The acts of Defendants in attempting to collect said debt are willful and wanton and directed at Plaintiff by Defendants for the sole purpose of harassing defendant and causing her mental and emotional distress.

26. As the proximate and legal cause of Defendants actions, Plaintiff has suffered and continues to suffer severe emotional and mental distress including inability to sleep, anxiety, loss of appetite and public embarassment.

27. As a result of Defendants' willful and outrageous conduct in attempting to collect an invalid debt, Plaintiff has suffered emotional and mental harm in the amount of $25,000.00.

28. Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants in the amount of $25,000.00 for negligence; Judgment against Defendants in the amount of $25,000.00 for the intentional tort of outrage; A permanent injunction against Defendants requiring any adverse reporting to any credit bureau be removed and preventing any adverse reporting regarding the debt that is the subject matter of this litigation; her expenses, costs, a reasonable attorney's fee in the amount of $20,000.00 and all other relief which this Court may deem appropriate with the total of damages, inclusive of interest, attorney fees, and costs being $70,000.00, said amount being less than that required for federal diversity jurisdiction.

Respectfully submitted,

LOUIS ETOCH LAW FIRM

By: _____
Donald E. Knapp, Jr. (06067)
727 Cherry Street
Helena, AR 72342
(870) 338-3591