**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

SUSAN HEIDELBERGER                                                               PLAINTIFF

v.                                          2:07CV00141-WRW

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC., *et al.*                                       DEFENDANTS

<u>ORDER</u>

Pending is Plaintiff's Motion to Remand to state court (Doc. No. 7). Defendants have

responded (Doc. No. 9).

Plaintiff alleges Defendants are negligent in their attempt to collect a debt that Plaintiff

did not owe.[1] Plaintiff also alleges that Defendants committed the tort of outrage by retaliating

against her for previous litigation.[2] Defendants maintain that despite the state law language in

Plaintiff's Complaint, Plaintiff's actual cause of action arises under the Fair Debt Collection

Practices Act, and that this court thus has federal jurisdiction over this case.[3] In determining

whether remanding this case is appropriate, I must decide if Plaintiff's claims are FDCPA claims

clothed in state law language, and if any state law claims are preempted by the FDCPA.

I find that Plaintiff's Complaint states state law claims and that the FDCPA does not

preempt those claims. For the reasons set forth below, Plaintiff's Motion to Remand (Doc. No. 7)

is GRANTED. Defendant Universal Fidelity's Motion to Strike Complaint (Doc. No. 3) is

MOOT.

---

[1]Doc. No. 2.

[2]*Id.*

[3]Doc. No. 7.

## I. BACKGROUND

Defendant American Express filed suit against Plaintiff alleging that Plaintiff owed it

$75,373.75 on account number 372761845801007.[4] On September 29, 2005, the case was tried

in front of a jury, and the jury found in favor of Defendant American Express in the amount of

$50,000.[5] Plaintiff filed a motion for judgment notwithstanding the verdict, which was granted

on January 27, 2006. Defendant American Express did not appeal the order.[6] Around September

20, 2007, Defendant Universal contacted Plaintiff in an attempt to collect an outstanding debt in

the amount of $75,373.75 on American Express account number 372761845801007.[7] Defendant

American Express still reports a bad debt in the amount of $75,373.75 on Plaintiff's credit

report.[8]

## II. DISCUSSION

Federal courts are courts of limited jurisdiction and have the power to hear only those

cases that they have been authorized to hear by Congress or by the Constitution.[9]  Congress

created two bases of original jurisdiction in the Federal courts: (1) federal question jurisdiction

under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.[10]  It is to be

presumed that causes of action lie outside this limited jurisdiction, and the burden of establishing

---

[4]Doc. No. 2. The complaint was filed in Philips County Circuit Court, case number CV-2002-415.

[5]*Id*.

[6]*Id*.

[7]*Id*.

[8]*Id*.

[9]*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[10]*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

the contrary rests upon the party asserting jurisdiction.[11]

### A.     Diversity Jurisdiction

Federal courts have original jurisdiction in cases when diversity of citizenship exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[12] There is not complete diversity between the parties to this case; jurisdiction based on diversity is precluded.

### B.     Federal Question

In the absence of diversity of citizenship, a federal court may hear a controversy only if federal question jurisdiction exists.[13]  Federal questions include actions arising "under the Constitution, laws, or treaties of the United States."[14] Federal jurisdiction requires that a federal question be presented on the face of the plaintiff's well-[pled] complaint.[15]  "It is well-settled that a cause of action arises under federal law only when the plaintiff's well-[pled] complaint raises issues of federal law."[16] Under the well-pled complaint rule, if a plaintiff's complaint does not identify a cause of action under federal law, there is no federal question.[17] A plaintiff can avoid federal jurisdiction by pleading only state law.[18]

---

[11]*Kokkonen*, 511 U.S. at 377.

[12]28 U.S.C. § 1332.

[13]*Caterpiller*, 482 U.S. at 392.

[14]28 U.S.C. § 1331.

[15]*Oklahoma Tax Comm'n. v. Graham*, 489 U.S. 838, 840-41 (1989).

[16]See *Heinmann v. Nat'l. Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999.)

[17]See *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 491 F.3d 878, 888-889 (8th Cir. 2007) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[18]See *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

The artfully-pled complaint rule, however, is an exception to the well-pled complaint rule.[19] Under the artfully-pled complaint rule, removal may be proper despite the claims articulated in a plaintiff's complaint.[20] The artfully-pled complaint rule applies if a federal law completely preempts state law claims, thus creating "federal removal jurisdiction," as compared to "conflict preemption," under which only state law claims identified by statute, or that conflict with the federal law, are preempted.[21] The FDCPA preempts state law only when those laws are "inconsistent with any provisions of this subchapter."[22] "A State law is not inconsistent with [the FDCPA] if the protection such law affords any consumer is greater than the protection provided by this subchapter."[23]

**C. Plaintiff's Claims Do Not Arise Under The FDCPA.**

The FDCPA was intended "to eliminate abusive debt collection practices by debt collectors . . . ."[24] On September 29, 2005, a jury found Plaintiff owed $50,000 to Defendant American Express.[25] Plaintiff filed a motion for judgment notwithstanding the verdict, and the motion was granted on January 27, 2006.[26]   More than 18 months after the court granted the

---

[19]See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

[20]*Id.*

[21]See *Heinmann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 500 (5th Cir. 1999); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

[22]15 U.S.C. § 1692n.

[23]*Id.*

[24]*Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006).

[25]Doc. No. 8.

[26]*Id.*

motion, Defendant American Express still reported a bad debt on Plaintiff's credit report and Defendant Universal Fidelity began calling Plaintiff about that debt.[27]  Plaintiff's Complaint alleges that Defendants were negligent in failing to verify whether a debt existed before trying to collect.[28]  This allegation of negligence falls outside of the scope of the FDCPA.

Plaintiff further alleges that Defendants committed the tort of outrage by retaliating against her for previous litigation. Specifically, Plaintiff's Complaint reads "[i]n retaliation against Plaintiff for exercising her Constitutional right to trial by jury, Defendants continue to attempt to extort money from Plaintiff for a debt that she does not owe" and Defendants' actions are "willful and wanton and directed at Plaintiff . . . for the sole purpose of harassing . . . her . . . ."[29] Defendants argue Plaintiff's Complaint alleges Defendants harassed her, that the FDCPA seeks to eliminate abusive debt collection practices, and that harassing conduct by a debt collector is an abusive debt collection practice.[30] Thus, Defendants reason that Plaintiff's claims arise under the FDCPA. Plaintiff's allegation, however, is not that  Defendants harassed her in connection with the collection of a debt, but rather as retaliation for previous litigation. Plaintiff's claim of outrage also does not arise under the FDCPA.

### D. The FDCPA Does Not Preempt State Law Claims

Even if Plaintiff's claims arose under the FDCPA, that Act does not preempt all state law claims. In *Thrasher v. Cardholder Servs.*, the court found that "Congress clearly meant to preempt some state causes of action" and "that to permit plaintiffs in Mississippi to pursue causes of action alleging intentional or negligent infliction of emotional distress as remedies for

---

[27]Doc. No. 2.

[28]*Id.*

[29]Doc. No. 8.

[30]Doc. No. 10.

abusive debt collection practices would stand as an obstacle to the accomplishment . . . of . . . the FDCPA. Accordingly, . . . the Court finds that Congress preempted the causes of action alleged by Plaintiff."[31] In *Thrasher*, however, the plaintiff's allegations were in connection with a disputed debt.[32] In this case, there is no debt. Plaintiff is not liable to Defendant American Express on the account on which Defendant Universal is basing its contacts with Plaintiff.

Further, other cases emphasize that the FDCPA does not completely preempt state law tort claims.[33] In *Virgil v. Reorganized M.W. Co.*, the plaintiff sued the Montgomery Ward Credit Corporation, among others, alleging negligent infliction of emotional distress.[34] The defendants removed the case to federal court, and the plaintiff filed a motion to remand; the court granted plaintiff's motion.[35] The court in Virgil reasoned that "Congress specifically provided for state laws regarding debt-collection practices to remain valid unless inconsistent with the FDCPA . . . " and "[t]hus, Congress intended to allow states . . . concurrent jurisdiction."[36] I find the reasoning of the *Virgil* court convincing. Considering the facts specific to this case, the FDCPA does not preempt Plaintiff's state law claims of negligence and outrage.

## CONCLUSION

Because Plaintiff's claims did not arise under the FDCPA, and Plaintiff's state law claims

---

[31]*Thrasher v. Cardholder Servs.*, 74 F. Supp. 2d 691, 695 (S.D. Miss. 1999).

[32]*Id*. at 693.

[33]See *Hage v. Gen. Serv. Bureau*, 8:01CV367 (D. Neb. Aug. 5, 2002); *Virgil v. Reorganized M.W. Co.*, 156 F. Supp. 2d 624 (S.D. Miss. 2001) (holding that the FDCPA did not completely preempt plaintiff's state law tort claims).

[34]*Virgil v. Reorganized M.W. Co.*, 156 F. Supp. 2d 624, 626  (S.D. Miss. 2001)

[35]*Id*. at 626-627.

[36]*Id*. at 631.

are not preempted the FDCPA, Defendant is unable to prove federal question jurisdiction in this Court under 28 U.S.C. § 1331. Because there is neither diversity nor federal question jurisdiction, this Court lacks subject matter jurisdiction, and the case is REMANDED to the Circuit Court of Phillips County.

IT IS SO ORDERED this 13th day of December, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE